# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND A. NICHOLS,<br><br>                    Petitioner,<br><br>        v.<br><br>F. GONZALEZ,<br><br>                    Respondent.<br>_____/ | 1:09-cv-02126-OWW-SMS (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 9] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

PROCEDURAL BACKGROUND

On May 19, 2004, Petitioner entered a plea of guilty to attempted murder.  (Exhibit 1, Abstract of Judgment.)  On July 19, 2004, Petitioner was sentenced to serve a determinate term of 13 years in prison.  (Exhibit 2, Minute Order.)  Petitioner was awarded 404 days of pre-sentence credits, 374 days of time spent in local custody, and 30 days of good conduct credit.  (Exhibit 1, at 2; Exhibit 2, at 4.)

On June 17, 2008, Petitioner filed a state petition for writ of habeas corpus in Ventura County Superior Court.  (Exhibit 3, to Answer.)  Petitioner alleged that on September 17, 2004, prison staff miscalculated his release date and failed to process his administrative appeals.  (Id. at 3-5.)  On August 8, 2008, the petition was denied for failure to exhaust administrative remedies.  (Exhibit 4.)

1   On September 11, 2008, Petitioner filed a state petition for writ of habeas corpus in the
2   California Court of Appeal, Second Appellate District. (Exhibit 5.) The petition was denied
3   without prejudice for failure to exhaust the administrative remedies. (Exhibit 6.)

4   On November 18, 2008, Petitioner filed a state petition for writ of habeas corpus in the
5   California Supreme Court, which was summarily denied. (Exhibits 7 & 8.)

6   Petitioner filed the instant federal petition for writ of habeas corpus on November 23,
7   2009. (Court Doc. 1.) Petitioner contends that he is being falsely imprisonment in violation of
8   his due process rights, prison officials have filed to process his administrative grievances, and the
9   Ventura County Superior Court failed to correct clerical errors in his abstract of judgment
10  regarding the proper amount of pre-sentence credit.

11  On January 4, 2010, the Court dismissed Petitioner's false imprisonment and failure to
12  process administrative grievance claims. (Court Doc. 4.)

13  On March 5, 2010, Respondent filed a motion to dismiss the petition as untimely under
14  section 2244(d)(1). (Court Doc. 9.) Petitioner filed an opposition on April 1, 2010, and
15  Respondent filed a reply on April 8, 2010. (Court Docs. 10, 11.)

16  DISCUSSION

17  A.   Procedural Grounds for Motion to Dismiss

18  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
19  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
20  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

21  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer
22  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of
23  the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)
24  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White
25  v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review
26  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12
27  (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a
28  response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F.

2

Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on November 23, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct

1  review became final.  Here, Petitioner does not challenge the validity of his conviction; rather, he
2  claims the abstract of judgment contained clerical errors regarding the amount of sentence credits
3  he received.  In such instances, the limitations period begins when "the factual predicate of the
4  claim . . . could have been discovered through due diligence."  28 U.S.C. § 2244(d)(1)(D); Redd
5  v. McGrath, 343 F.3d 1077, 1081 (9th Cir. 2003) (subparagraph (A) of 2244(d)(1) refers to
6  judgment of conviction and sentence).  Respondent correctly argues that the factual predicate of
7  Petitioner's claim was discoverable on July 19, 2004, when Petitioner was present and sentenced
8  to prison.  At that hearing, the superior court awarded Petitioner 404 days of pre-sentence credits,
9  374 days of time spent in local custody, and 30 days for good conduct credit.  (Exhibits 2 & 4.)
10 Because Petitioner was present, he was fully aware that he received a total of 404 days of
11 presentence credits and the amount was clearly set forth on the abstract of judgment.  (Exhibits 1
12 & 2.)  Thus, any error in the calculation of his pre-sentence credits was fully discoverable that
13 day, and the statute of limitations period commenced the following day-July 20, 2004, and
14 expired on July 20, 2005.
15 C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)
16         Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed
17 application for State post-conviction or other collateral review with respect to the pertinent
18 judgment or claim is pending shall not be counted toward" the one year limitation period.  28
19 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is
20 tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled
21 during the intervals between one state court's disposition of a habeas petition and the filing of a
22 habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also
23 Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000).
24 Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if
25 the state court explicitly states that the post-conviction petition was timely or was filed within a
26 reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis,
27 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been
28 untimely in state court will not satisfy the requirements for statutory tolling. Id.

4

At the time Petitioner filed his first state petition for writ of habeas corpus in the California Court of Appeal, challenging the calculation of his pre-sentence credits as calculated by the sentencing court, on September 11, 2008-the statute of limitations period had already expired. As a consequence, there is not entitlement to statutory tolling, and the instant petition is untimely. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (section 2244(d) does not permit reinitiation of the limitations period, when the limitations period has expired prior to the filing of a state habeas petition.) Therefore, the instant Petition is untimely.

In his opposition, Petitioner contends, without support, that he did not discover the error in his pre-sentence credits until November 2006, and he is entitled to statutory tolling. However, the statute of limitations commences on the date the factual predicate could have been discovered through due diligence, not when the factual basis was actually discovered. Petitioner's claim is based on an error in the calculation of his sentence which was fully discoverable at the sentencing hearing at which Petitioner was present. Therefore, the limitations period for Petitioner's claim commenced on July 20, 2004 (day following sentencing hearing) and expired one-year later on July 20, 2005. The instant petition is untimely and must be dismissed.

In any event, even if the limitations period commenced as Petitioner argues on November 30, 2006 and expired one year later on November 30, 2007, the instant petition is still untimely. Petitioner did not challenge the calculation of his pre-sentence credits by the sentencing court until September 11, 2008, which is well beyond the one-year limitations period. Therefore, Petitioner's instant challenge to the calculation of his pre-sentence credits by the sentencing court is untimely and must be dismissed.

D.   Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to

tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner does not present and this Court does not find any basis to warrant equitable tolling of the limitations period.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition be GRANTED;

2. The petition for writ of habeas corpus be DISMISSED with prejudice; and

3. The Clerk of Court be directed to terminate this action in its entirety.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 12, 2010**             /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE

6